UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CR-0016-CVE-1 |
| ) | (16-CV-0540-CVE-FHM) |
| LESLIE SUSAN HARRISON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. Section 2255 and Amendment 794 (Dkt # 91), and plaintiff's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 and Amendment 794 (Dkt. # 94). Defendant asks the Court to reduce her sentence under Amendment 794 of the United States Sentencing Commission Guidelines Manual (Nov. 2015). Dkt. # 91, at 5. Plaintiff asks the Court to dismiss defendant's motion, arguing that the motion is untimely if filed under 28 U.S.C. § 2255 and that the Court lacks jurisdiction if the motion was filed under Amendment 794. Dkt. # 94, at 1. Defendant responds, arguing that her motion is timely under § 2255 and that Amendment 794 is retroactive in her case. Dkt. # 95, at 3.

In February 2012, a grand jury charged defendant with conspiracy to manufacture and distribute fifty or more grams of methamphetamine. Dkt. # 2. In June 2012, a jury found defendant guilty. Dkt. # 30. After the Court sentenced defendant to 360 months imprisonment, the Tenth Circuit vacated the sentence and remanded for resentencing. See United States v. Harrison, 743 F.3d 760 (10th Cir. 2014). On remand, the Court then sentenced defendant to 136 months imprisonment. Dkt. # 72, at 2. Defendant appealed, and on January 30, 2015, the Tenth Circuit affirmed defendant's sentence. See United States v. Harrison, 591 F. App'x 684 (10th Cir. 2015). Defendant did not seek

rehearing or file a petition for a writ of certiorari. Dkt. # 94, at 2. On August 15, 2016, defendant filed a motion to vacate, set aside, or correct her sentence pursuant to § 2255 and Amendment 794. Dkt. # 91.

Section 2255 has a one-year statute of limitations, which runs from the latest of: (1) the date of the final judgment of conviction, (2) the date that the government removes an unlawful impediment to making a motion, (3) the date when the Supreme Court recognizes a right and makes it retroactive on collateral review, or (4) the date on which the facts supporting the claim could have been discovered through exercise of due diligence. 28 U.S.C. § 2255(f). "[F]or purposes of § 2255, if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after her direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000). A petition for writ of certiorari to review a judgment must be filed within ninety days after entry of the judgment. Sup. Ct. R. 13.1. Thus, defendant's one year began running on April 30, 2015, which is ninety days after the Tenth Circuit affirmed her sentence on January 30, 2015, and defendant's time to file a § 2255 motion expired one year later on April 30, 2016. Defendant argues that her motion is timely because her one year did not begin to run until the facts supporting her claim could have been discovered through exercise of due diligence. Dkt. # 95, at 3. However, defendant does not identify any facts that could not be discovered until months after her sentence was finalized. Moreover, defendant moves to amend her sentence, and all the facts related to her sentence were necessarily available at her resentencing in 2014. Therefore, defendant's motion under § 2255 is untimely because her time to file a § 2255 motion expired on April 30, 2016.

Defendant argues that she is entitled to a minor role reduction based on Amendment 794, relying on United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016). In Quintero-Leyva, the Ninth Circuit held that Amendment 794 "resolved a circuit split and was intended as a clarifying amendment. . . therefore it applies retroactively to direct appeals." Id. at 523. However, Quintero-Leyva is not controlling precedent, and Amendment 794 is not retroactive under the sentencing guidelines, federal statutes, or Tenth Circuit precedent. A district court may alter a prisoner's sentence only in limited circumstances. 18 U.S.C. § 3582(c). An exception to the general rule of finality exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). 18 U.S.C. § 3582(c); Dillion v. United States, 560 U.S. 817, 824 (2010). In such a case, "the court may reduce the term of imprisonment, after considering the factors set for in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to the Sentencing Commission, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. [§] 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant. . . ." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)." Amendment 794 is not listed in the amendments covered by the policy statement; therefore, Amendment 794 cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence. Id. § 1B1.10(d); see also United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Fouse, No. 13-CR-0108-1-CVE, 2016 WL 4516066, at *2 (N.D. Okla. Aug. 29, 2016).

3

**IT IS THEREFORE ORDERED** that defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. Section 2255 and Amendment 794 (Dkt # 91) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 and Amendment 794 (Dkt. # 94) is **granted**.

**DATED** this 27th day of October, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE